a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AHMAD MASOUD SHARIFY #A221-348-893,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-01867<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| E GARCIA ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Ahmad Masoud Sharify ("Sharify"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana. Sharify alleges that his detention is unconstitutional.

Because there is no significant likelihood of Sharify's removal in the reasonably foreseeable future, the Petition should be GRANTED.

## I.    Background

Sharify is a native and citizen of Afghanistan, who entered the United States without inspection on November 9, 2024. ECF No. 17-1 at 1. He was taken into ICE custody on November 19, 2024, and remains detained. *Id.*

On May 8, 2025, Sharify was ordered removed to Afghanistan. *Id.* Sharify's appeal was withdrawn on June 30, 2025, and his removal order became administratively final. *Id.*

1

According to the Declaration of Acting Assistant Field Office Director Justin Williams ("Williams"), Enforcement and Removal Operations ("ERO") "recovered Petitioner's valid Afghanistan passport and made a copy for Petitioner's file" on September 30, 2025. *Id.*

On November 4, 2025, ERO confirmed that Sharify was amenable for removal. *Id.*

On December 15, 2025, ERO submitted Form I-269, the Report of Detained Alien, along with a copy of Sharify's Afghan passport to Headquarters to request a transport letter. *Id.*

On December 22, 2025, ERO added Sharify to the "January 2026 Tranche for travel document issuance." *Id.*

On January 26, 2026, "ERO sent a travel letter request to the U.S. Mission Afghanistan in Doha and was advised that no timeline was provided for its issuance." *Id.*

As of May 22, 2026, ERO had not received information from Afghanistan concerning Sharify's travel document. *Id.*

## II.    Law and Analysis

The Court has jurisdiction to consider Sharify's challenge to his continued detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it.  Thus, . . . the Court retains jurisdiction to review his detention.");

*Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at \*2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at \*2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 C.F.R. § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, at 4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Sharify's removal order became final on June 30, 2025, and he has been detained since November 19, 2024, so the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); *see also Altayb v. U.S. Immigration & Customs Enf't*, 1:25-CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), *adopted by* 2026 WL 544292 (W.D. La. Feb. 26, 2026).

Sharify asserts that there is no significant likelihood of his removal in the foreseeable future due to the lack of diplomatic relations between the United States and Afghanistan. He alleges that the Afghanistan government is being controlled by the Taliban, who will not issue travel documents to ICE. ECF No. 16 at 5.

The burden shifts to the Government to provide evidence of a significant likelihood that Sharify will be deported in the reasonably foreseeable future. The evidence presented merely documents that ERO has requested a transport letter from Afghanistan, has received no response, and that Headquarters is "actively working on Petitioner's removal to Afghanistan." ECF No. 17-1 at 2.

The Government's requests for updates do not overcome its burden to establish that there is a significant likelihood of removal. *See Fazel v. Lyons*, 5:26-CV-00692, 2026 WL 1664099, at *5 (S.D. Tex. June 9, 2026) (pending request for Afghanistan

transport letter alone cannot justify continued detention, "which may continue indefinitely into the future while that request remains pending"); *Sahil v. Warden, et al.*, 1:26-CV-478, 2026 WL 1840089, at *3 (W.D. La. June 3, 2026), *recommendation adopted,* 2026 WL 1839757 (W.D. La. June 25, 2026) (pending request for Afghanistan transit letter does not satisfy the Government's burden); *Yousaf v. Thompson*, 26-CV-2190, 2026 WL 1507835, at *5 (W.D. Tex. May 18, 2026), *recommendation adopted*, 2026 WL 1513235 (W.D. Tex. May 29, 2026) (same); *Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 706 (W.D. Tex. 2025) (pending requests for travel documents to Afghanistan do not satisfy the Government's "burden to furnish evidence demonstrating that removal is likely in the reasonably foreseeable future"); *Yunsai v. Bondi*, 26-CA-00129, 2026 WL 895627, at *3 (W.D. Tex. Mar. 30, 2026) (quoting *Samir v. Wolf,* 2026 WL 817240, at *2, 2026 (W.D. La. Mar. 2, 2026) ("[T]he Government does not represent that Afghanistan is even accepting the return of Afghan nationals from the United States.").

There is no evidence that removal is likely to occur in the reasonably foreseeable future. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. And "[a] remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)); *Ibrahimi v. Bondi*, 25-

CA-00768, 2026 WL 915703, at *3 (W.D. Tex. Mar. 27, 2026) ("ICE's few 'affirmative steps' toward securing travel documents [to Afghanistan] do not show that removal is reasonably foreseeable.").

Sharify is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," only that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02. Accordingly, Sharify has met his burden under *Zadvydas*, and the Government has failed to rebut that showing with evidence demonstrating a significant likelihood of removal in the reasonably foreseeable future.

### III.    Conclusion

Because there is no significant likelihood of Sharify's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition be GRANTED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, July 1, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

7